## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LORI WILHELM-TODD, | ) | |
| MICHELLE WILHELM-ACE, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | No. 1:10-cv-1184-SEB-TAB |
| | ) | |
| S. KNIGHT, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### Entry and Order Dismissing Action

As the result of prior proceedings, claims asserted pursuant to the Fifth Amendment have been dismissed, claims asserted against the City of Indianapolis have been dismissed, the individual capacity claim against Chief Paul Ciesielski has been dismissed, official capacity claims against Officer Stephen Knight and Chief Paul Ciesielski have been dismissed, and state tort claims against Officer Stephen Knight have been dismissed. Federal claims against Officer Knight in his individual capacity remained.

The *Federal Rules of Civil Procedure* contain provisions for the imposition of sanctionsBeven extreme sanctions such as the dismissal of a complaintBagainst parties who fail to adhere to the discovery provisions of those *Rules* or who fail to obey court orders issued in the course of the pretrial development of a lawsuit. *See Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir. 2003); *Newman v. Metropolitan Pier & Exposition Authority,* 962 F.2d 589 (7th Cir. 1992); *In re State Exchange Finance Co.*, 896 F.2d 1104 (7th Cir. 1990).

A case may be dismissed under Rule 41(b) of the *Federal Rules of Civil Procedure* for failure to follow an order of the court. *See Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir. 2003). AThis authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.@ *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985)(citing *Link v. Wabash R.R. Co.,* 370 U .S. 626, 629 (1962)).

In addition, Rule 37(b)(2)(c) provides that a court may impose sanctions on a party for failure to cooperate in discovery. Such sanctions include dismissal of the action.

The dismissal of an action under circumstances contemplated by the foregoing principles is an available, though drastic, measure. The sanction of dismissal is for cases where the offending party displays willfulness, bad faith, or fault in disregarding the district court's orders. *Long v. Steepro,* 213 F.3d 983, 986 & n.3 (7th Cir. 2000). Those circumstances are present here. *See Collins v. Illinois*, 554 F.3d 693 (7th Cir. 2009) (upholding dismissal as sanction for failure to appear for a deposition). The existence of such circumstances here consists of the plaintiff's unexplained failure to comply with directions in the Entry of September 30, 2011. This relates to compliance with obligations to respond to discovery and to make appropriate filings pursuant to the case management plan. The plaintiffs, in short, have abandoned the remaining claim in the case and have ignored and violated the court's orders.

Based on the above circumstances, therefore, defendant Knight's unopposed motion to dismiss [48] is **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


**Date:**    01/10/2012
        _____


                                        _Sarah Evans Barker_
                                        SARAH EVANS BARKER, JUDGE
                                        United States District Court
                                        Southern District of Indiana